INHABITANTS OF THE TOWN OF DURHAM

*vs.*

INHABITANTS OF THE TOWN OF LISBON

Androscoggin.    Opinion November 19, 1927

*The construction of a pauper notice given under the requirements of sec. 35, chap. 29, R. S., is one of law for the court, and a misstatement therein of the parentage of a minor child is very material and vitiates the notice.*

In this case the overseers of the defendant town were notified to remove a child whom they had a right to infer from the notice was the legitimate child of the parents named. If they found such child whether legitimate at birth or by later marriage of the parents, his residence was that of the father and upon the evidence in the case, they properly denied liability.

If they found no such child, but an illegitimate child; even though the child of the parties named in the notice, the notice was not sufficient; and *a fortiori* was not sufficient to require the removal of an illegitimate child of the mother named by another person than the one named in the notice as the father.

On exceptions and motions. An action of assumpsit to recover for pauper supplies furnished by plaintiff town to a minor child. The defendant town questioned the sufficiency of the notice given required under sec. 35, chap. 29, R. S., alleging that the child was not a legitimate child of the parents named in the notice, but an illegitimate child. Exceptions were taken by defendant to the introduction of certain evidence, and defendant, after a verdict for plaintiff, filed a general motion, and also a motion for a new trial on newly discovered evidence. The exceptions and the motion for a new trial on newly

discovered evidence were not considered.   The general motion sustained.

New trial granted.

The case is fully stated in the opinion.

*Frank* A. *Morey*, for plaintiff.

*L. A. Jack,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

WILSON, C. J.   An action to recover for pauper supplies alleged to have been furnished to a child of  one Mabel L. Harris, the pauper residence of the child being alleged to be in the defendant town.

The jury returned a verdict for the plaintiff.   An exception was taken to the introduction of evidence under the form of notice given to the overseers of the defendant town of any supplies furnished to a child of Mabel L. Harris or that he was the same child described in the notice as Clyde Dorr, Jr.   The bill of exceptions, however, is so inadequately framed that this Court will not consider it.   *Mc-Kown* v. *Powers*, 86 Me., 291.

Following the verdict, a motion for a new trial was filed based on the usual grounds, and also a motion for a new trial on the ground of newly discovered evidence.   We think the general motion must be sustained.   It is, therefore, unnecessary to consider the motion grounded on the newly discovered evidence or the defendant's diligence in obtaining it, although if the evidence had been presented in competent form at the trial, it might have, under proper instructions, changed the result.   *Wellington* v. *Corinna*, 104 Me., 252.

The notice on which the action is based and on which it must stand or fall is as follows:

> To the Overseers of the Poor of the Town of Lisbon, County of Androscoggin in the State of Maine:
> GENTLEMEN:   You are hereby notified that Clyde Dorr, Jr., child of Clyde Dorr and Mabel (Harris) Dorr, inhabitant of your town, having fallen into distress, and in need of immediate relief in the town of Durham, the same has been furnished by said town

on the account and at the proper charge of the town of Lisbon, where said Clyde Dorr, Jr., has legal settlement: You are requested to remove said Clyde Dorr, Jr., or otherwise provide for him, without delay, and to defray the expense of his support in said Town of Durham. The sums expended for his support up to this date are $35.75.

Dated at Durham, this 29th day of Sept. A. D. 1924.

Yours respectfully,

Howard J. Merrill, ⎱ Overseers of the
C. A. Calder,        ⎰ Poor of Durham.

The alleged pauper being described in the notice as Clyde Dorr, Jr., child of Clyde Dorr and Mabel (Harris) Dorr, the issue is raised at the very threshold of the case whether such notice is sufficient to enable the plaintiff to maintain an action for supplies furnished to an illegitimate child of Mabel L. Harris, even though the identity of the person described in the writ with the one intended in the notice was established by evidence.

The statute, sec. 35, chap. 29 R. S., requires that the overseers of a town in which a pauper has fallen into distress to give notice to the overseer of the poor of the town in which it is claimed the pauper has a settlement, "stating the facts relating to the person chargeable in their town."

No particular form of notice is required. Nor should officers of a town be held to that exactness of statement required in legal pleadings. It must, however, contain the substance of the statutory requirement, which is, that it must state *the facts* relating to the person alleged to have fallen into distress. What facts are necessary to be stated, this Court has not undertaken to enumerate in detail. In *Kennebunkport* v. *Buxton*, 26 Me., 61, 66, the Court said: "The facts relating to the person are those which are important to be known of him as a pauper by the town notified;" and in *Holden* v. *Glenburn*, 63 Me., 579, 580: "What the facts are to be stated are not specified but the object to be accomplished makes it sufficiently clear. The purpose is to lay a foundation for the future action of the overseers." It must at least by name or otherwise sufficiently describe the person or persons alleged to have fallen into distrees to enable the over-

seers of the town notified to identify the particular person or persons to be removed.    *Thomaston* v. *Greenbush,* 98 Me., 140, 142.    It is, however, facts that must be stated.    Trivial errors in immaterial particulars may not vitiate a notice or may be waived; but "misstatements of material facts—facts so important that they change the settlement of the pauper—will vitiate it."    *Glenburn* v. *Oldtown,* 63 Me., 582.

It is contended by the plaintiff in the case at bar that the overseers of the poor of the defendant town knew, or could by inquiry, and did in fact ascertain who the person, named in the notice as having fallen into distress, was.    On the mere question of identity, if the notice had not also contained information that, if untrue, was misleading, it might be held sufficient; but the defendant contends that it contained matter which, if true, changed the pauper residence of the person sought to be charged, and, therefore, if not true, vitiated the notice.

The notice states not merely that a child known as Clyde Dorr, Jr., had fallen into distress, but that he was the child of Clyde Dorr and Mabel (Harris) Dorr.    It is not contended that Clyde Dorr ever had a pauper residence in the defendant town.    It, therefore, would not be liable for pauper supplies furnished to a legitimate son of Clyde Dorr and Mabel Harris Dorr.    The plaintiff, however, contends that the evidence discloses that the daughter of John Harris whose maiden name was Mabel L. Harris, the mother of the child, known as Clyde Dorr, Jr., did have a pauper residence at the date of his birth in the defendant town, that she was not then lawfully married, though she and Clyde Dorr were then living together as man and wife and, therefore, unless she was afterwards lawfully married to the father of the child, the child known as Clyde Dorr, Jr., would retain the pauper residence of the mother until he became of age and acquired a settlement of his own.    *Houlton* v. *Lubec,* 35 Me., 411.

The construction of such notices as of other legal instruments is a question of law for the Court.    *Sanford* v. *Lebanon,* 31 Me., 124. The only fair construction of the notice is that a legitimate child of Clyde Dorr and Mabel Harris Dorr had fallen into distress.    We know of no rule of construction which holds that by merely enclosing the maiden name of the mother in parenthesis a bar sinister in the family escutcheon is thereby indicated.

Upon the notice, therefore, as we construe it, under the decisions in *Holden* v. *Glenburn, supra,* and *Glenburn* v. *Oldtown, supra,* the evidence and the inquiries of the overseers of the defendant town disclosing that Clyde Dorr had no settlement in the defendant town, the defendant was not liable and the overseers were warranted in refusing to remove; even though the overseers could have and did learn upon inquiry that the child referred to was at birth the illegitimate child of Mabel L. Harris and that her residence at that time was in the defendant town, the plaintiff can recover only upon the facts as stated in the notice.

While misstatements of immaterial facts may not vitiate and may be waived, facts stated in such a notice as to the parentage of a minor are highly material, and there was no waiver in this case, as the defendant answered, denying liability. The overseers of the defendant town were notified to remove a child whom they had a right to infer from the terms of the notice was a legitimate child of Clyde Dorr and Mabel Harris Dorr. If they found such child, whether legitimate at birth or by later marriage of the parents; Sec. 1, Par. II, III, Chapter 29 R. S.; *Wellington* v. *Corinna, supra,* his residence was that of the father, and upon the evidence in the case, they properly denied liability. If they found no such child, but an illegitimate child, even though the child of the above-named parties, the notice was not sufficient and they were not required to remove, *Holden* v. *Glenburn, supra; Glenburn* v. *Old Town, supra.* Certainly such a notice was not sufficient to require the overseers to remove an illegitimate child of Mabel Harris by any other person than Clyde Dorr.

*Motion sustained.*
*New trial granted.*